Burt WARD, Plaintiff,

v.

NEWS GROUP INTERNATIONAL, LTD., a British corporation; et al., Defendants.

No. CV–88–3340–JMI (Tx).

United States District Court, C.D. California.

Feb. 22, 1990.

Gary L. Bostwick, Bostwick & Ackerman, P.C., Santa Monica, Cal., for Burt Ward.

Louis P. Petrich and Vincent Cox, Leopold, Petrich & Smith, P.C., Los Angeles, Cal., for News Group, Brown and Harmer.

Paul M. Levy, Deutsch, Levy & Engel, Chicago, Ill., and Anthony Glassman, Stephen J. Rawson, Ira I. Hershkowitz, Glassman & Browning, Inc., Beverly Hills, Cal., for Globe and Rigby.

ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION

IDEMAN, District Judge.

IT IS HEREBY ORDERED:

1. Defendants GLOBE INTERNATIONAL, LTD. (GLOBE) and PETER RIGBY's (hereinafter RIGBY) motion for sum-

mary judgment on the Second Cause of Action is GRANTED.

2. GLOBE and RIGBY contend that summary judgment should be granted in their favor on the Second Cause of Action for the following reasons: the article is protected by the neutral reportage doctrine; Plaintiff consented to publication of his denial; the article is true; and Plaintiff cannot prove malice.

3. Rule 56 of the Federal Rules of Civil Procedure permits summary judgment to be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is one which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). To withstand a motion for summary judgment, the nonmoving party must show the existence of genuine factual issues which can be properly resolved only be a finder of fact because said issue may be reasonably resolved in favor of either party. *Id.*

■ 4. The doctrine of neutral reportage prevents a plaintiff from maintaining a libel claim under certain circumstances. "The privilege applies where the defamed person is a public figure, whether general or limited purpose, who is involved in an existing controversy, and the defamatory statement is made by a party to that controversy. The republication must be accurate and neutral." *Barry v. Time, Inc.*, 584 F.Supp. 1110, 1127 (N.D.Cal.1984). The *Barry* court reasoned that the "trustworthiness" of the original defamer should not be at issue because the whole purpose of the privilege is to inform the public and let it judge which side is true. To do otherwise would have a chilling effect on speech and dissemination of information. *Id.* at 1126–27. At this time, neither the California Central District court nor the Ninth Circuit itself has either approved or disapproved the use of the neutral reportage privilege.

■■ 5. It is initially a question of law for the Court to decide whether the publication is reasonably susceptible to a defamatory interpretation. *Slaughter v. Friedman*, 32 Cal.3d 149, 185 Cal.Rptr. 244, 649 P.2d 886 (1982). The Court should consider the article as a whole and read the entire communication in context. *Corman v. Blanchard*, 211 Cal.App.2d 126, 131–32, 27 Cal.Rptr. 327 (1962).

6. The California Civil Code states that "[h]e who consents to an act is not wronged by it." Cal.Civ.C. § 3515.

7. The Supreme Court has held that "in defamation actions, where the protected interest is personal reputation, the prevailing view is that truth is a defense; and the message of *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, [additional cites omitted] and like cases is that the defense of truth is constitutionally required where the subject of the publication is a public official or public figure." *Cox Broadcasting Corporation v. Cohn*, 420 U.S. 469, 489–90, 95 S.Ct. 1029, 1043–44, 43 L.Ed.2d 328 (1975).

■ 8. The public figure plaintiff in a libel action is required to show actual malice which "requires at a minimum that the statement were made with a reckless disregard for the truth.... the defendant must have made the false publication with a 'high degree of awareness of ... probable falsity,' [cite omitted] or must have 'entertained serious doubts as to the truth of his publication.' [cite omitted]." *Harte–Hanks Communications, Inc. v. Connaughton*, —— U.S. ——, ——, 109 S.Ct. 2678, 2685–86, 105 L.Ed.2d 562 (1989).

9. In the case at bar, summary judgment is appropriate at this time. Further discovery will not prevent GLOBE and RIGBY from prevailing as a matter of law on the Second Cause of Action for libel based on their partial republication of the *News of the World* article.

■ GLOBE and RIGBY are protected by the neutral reportage privilege in this action. Plaintiff is admittedly a public figure for the purposes of this action. The allegedly defamatory statements were made by the defendants NEWS GROUP, BROWN, and HARMER who are parties to the controversy. Finally, and most impor-

tantly for First Amendment purposes, the republication was done in an accurate and neutral manner. The republication by GLOBE and RIGBY accurately restated the statements from the NEWS GROUP, BROWN, and HARMER. Furthermore, GLOBE and RIGBY made the story very neutral by publishing the Plaintiff's denial of the stories and emphasizing the legitimate business success of Plaintiff and the extensive charity work he has done. Consideration of the article as a whole shows that the republication in the context of published denials and other information does not stand as defamatory. Therefore, defendants GLOBE and RIGBY are protected by the neutral reportage privilege and the Court grants this summary judgment motion.

Furthermore, Plaintiff admits in his deposition that he authorized his manager Jerry Wolf to "just try to deal with it ... And try to just tell people it wasn't true so that it wouldn't hurt my career[ ]" when questions about the *News of the World* article arose. Thus, it appears that Plaintiff anticipated that people would be asking about the story and that he and his manager decided that denials should be issued. Therefore, Plaintiff consented to the publication of the denial by Jerry Wolf in the GLOBE and RIGBY article. Pursuant to the California Civil Code § 3515, he cannot be wronged by the publication of these denials, as a matter of law.

Finally, defendants GLOBE and RIGBY are entitled to summary judgment since truth is an absolute defense to a libel action. In their article, these defendants truthfully related the statements quoted from the *News of the World* article and truthfully related the other side of the story in publishing the denial and information about Plaintiff's life, post-"Batman." Therefore, these two defendants have related the truth and therefore, are entitled to judgment as a matter of law since there are no material facts at issue.

IT IS SO ORDERED.